IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JAMES T. BRADLEY and GARRET LAMBERT,
In their own right and on behalf of others
Similarly situated;

    Plaintiffs,

v.                                            CIVIL ACTION NO. 2:18-cv-00007
                                                    Honorable Judge John T. Copenhaver

LEGACY LAND MANAGEMENT, INC.,
KENNETH LAMBERT, and SHERRI
LAMBERT, individually

    Defendants.

## AMENDED COMPLAINT

1. The Plaintiff James T. Bradley is a resident of Fayette, County Wes Virginia. The Plaintiff Garret Lambert is a resident of Crab Orchard, West Virginia.

2. The Defendant Legacy Land Management, Inc. ("Legacy" hereinafter) is a West Virginia Corporation licensed to do business in West Virginia and doing business in West Virginia.

3. The Defendant Kenneth Lambert is the Incorporator and President of the Defendant Legacy.

4. The Defendant Sherri Lambert is the Incorporator of the Defendant Legacy.

5. Under 36 U.S.C. § 1331, this Court has original jurisdiction as the Plaintiffs have brought claims under the Fair Labor Standards Act. This Court has personal jurisdiction over Legacy as it is a domestic corporation conducting business in this State and within the

geographic boundaries of this Court's jurisdiction. As such, venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b)(1), (c)(2).

6. At all relevant times, Plaintiffs and others like them were employed by Legacy. Bradley is a management employee and Lambert was an hourly employee.

7. On December 6, 2017, each of the named Plaintiffs were issued a paycheck for wages earned. Bradley was also given a check for his monthly stipend for a truck allowance.

8. Plaintiffs deposited their checks in their respective bank accounts on that same date.

9. On that same date both checks bounced, causing bad check fees to be charged against plaintiffs' accounts.

10. On December 8, 2017, Legacy wired to the Plaintiffs wages owed them by the bad checks deposited on December 6, 2017. Plaintiff Bradley was never paid the truck allowance check for $600.00. Plaintiffs and other employees were charged a wire transfer fee for this payment.

11. On December 20, 2017, the Plaintiffs were given paychecks for wages earned. Plaintiffs deposited said checks in their accounts and those checks bounced, costing the Plaintiffs another returned check fee. Legacy again wired the Plaintiffs their pay in the same manner as set forth above. Plaintiffs again incurred bad check fees and/or wire transfer fees.

12. Plaintiffs were issued paychecks on December 29, 2017 for wages earned. Upon information and belief these checks and the checks for all other co-workers have not cleared and banks have placed 7 day holds on all Legacy payroll checks. As such Plaintiffs and their co-workers do not have access to their salary.

13. Legacy is an "Employer" as that term is defined by the West Virginia Wage Payment and Collection Act, ("WVWPCA") W.Va. Code § 21-5-1 et. seq., and the Fair Labor Standards Act, ("FLSA") 29 USC § 201, et. seq. See W.Va. Code § 21-5-1; 29 USC § 203.

14. Plaintiff and his co-workers are "Employees" as that term is defined by the WVWPCA, W.Va. Code § 21-5-1, and FLSA, 29 U.S.C. § 203.

15. Legacy has violated the terms of the aforementioned Acts by failing to issue proper payments to employees including Plaintiff and his co-workers.

16. Defendants acts set forth above were intentional, willful, wanton, and malicious.

17. Plaintiffs and their co-workers have suffered and continue to suffer harm as a result of Legacy's failure to pay its Employees' wages earned and owing.

18. The individual Defendants Kenneth Lambert and Sherri Lambert should be held liable as Defendant Legacy is not a valid West Virginia corporation.

19. Upon information and belief, Plaintiffs allege that a joint venture exists between Defendant Legacy Land Management, Inc. and Bluestone Industries, Inc.

## CLASS ACTION ALLEGATIONS

Plaintiff incorporates and restates all of the above and further pleads:

20. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action against Defendant, individually, and on behalf of a class of all West Virginia residents against who were due wages under the West Virginia Wage Payment and Collection Act and Fair Labor Standards Act whom were paid by a check drawn on an account that, at the time the

checks were written, did not have sufficient funds to cover all of the checks written on the account.

21. Upon information and belief, the members of the class number are in the hundreds, possibly thousands and, as such, are too numerous to be practicably joined.

22. There are numerous questions of law or fact common to the class including the resolution of the factual and legal claims raised herein.

23. The claims of the named Plaintiff are typical of the claims of the class.

24. The named Plaintiff and his undersigned counsel will fairly and adequately protect the interests of the class.

25. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendant.

26. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

27. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendant and for the Plaintiffs and the Class on the Complaint providing for the following:

1. Compensatory damages for the Defendant's general and special damages set forth above;

2. The statutory, liquidated, and treble damages provided for in the West Virginia Wage Payment and Collection Act and the Fair Labor Standards Act respectively;

3. Punitive damages for the intentional, willful, wanton, oppressive, malicious and/or reckless conduct of the Defendant;

4. An award of interest, costs, and attorney fees;

5. That individual Defendants be held liable to the Plaintiffs; and,

6. All other relief determined by the Court to be just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

PLAINTIFFS

BY COUNSEL

/s Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P1200
Charleston, WV 25301
Phone: 304-346-2889
Fax: 304-346-2895

And

Anthony M. Salvatore (WVSB 7915)
Hewitt & Salvatore, PLLC
204 North Court Street
Fayetteville, WV 25840
Phone: 304-574-0272
Fax: 304-574-0273
 Counsel for the Plaintiffs