IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JAMES T. BRADLEY and GARRETT LAMBERT,
in their own right and on behalf of others
similarly situated,

        Plaintiffs,

v.

                                        Civil Action No. 2:18-cv-00007
                                        Judge John T. Copenhaver, Jr.

LEGACY LAND MANAGEMENT, INC.,
KENNETH LAMBERT, and SHERRI
LAMBERT, individually,

        Defendants.

MEMORANDUM IN SUPPORT OF JOINT MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLMENT
AND FOR PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

INTRODUCTION

The Settling Plaintiffs and Defendants (together the "Settling Parties") seek (a) preliminary approval of the Class Action Settlement Agreement; and (b) preliminary certification of a mandatory settlement class under Federal Rules of Civil Procedure 23(a) and 23(b)(1)(B). As set forth below, the action and proposed settlement fully meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

The Settling Parties have conducted extensive negotiations, engaged in substantial pre-settlement discovery, and, after careful consideration, have determined that the interests of the Plaintiffs, the class they propose to represent, and Defendants are best served by the proposed settlement. From the Settling Plaintiffs' perspective, given that the principal, has closed due to financial difficulty and does not have any assets or insurance coverage, the Settling Plaintiffs have concluded that a prompt "limited fund" settlement pursuant to Rule 23(b)(1)(B) allows for

the maximum distribution to the class. From Defendants' perspective, without a limited fund settlement, prolonged litigation would quickly deplete the remaining settlement proceeds without resolving the litigation. For these reasons, and others set forth below, the Settling Parties jointly requests that this Court preliminarily approve the settlement and preliminarily certify that proposed settlement class pursuant to Rule 23(b)(1)(B).

## STATEMENT OF THE CASE

### A. Introduction/Nature of Case

One January 3, 2018, Settling Plaintiffs commenced a punitive class action entitled *James T. Bradley and Garrett Lambert, in their own right and on behalf of others similarly situated v. Legacy Land Management, Inc. et al.* Civil Action No. 2:18-cv-00007. The purpose of their claim was to seek compensation for payroll checks returned for insufficient funds. The Plaintiffs allege to have incurred fees for the retuned checks and other damages per WVWPCA. The Parties have agreed to dismiss the FLSA claim with prejudice. As such, this settlement only relates to the WVWPCA claim.[1]

## SETTLEMENT NEGOTIATIONS

After nearly a year of litigation, the Parties reached an agreed settlement.

Pursuant to the MOU, the Settling Parties engaged in settlement discovery and due diligence, and analyzed the legal and factual issues relevant to settlement. Among other things, the Settling Parties have conducted and completed fact discovery in support of settlement, including numerous written discovery requests directed to Defendants, with respect to, among other issues, Defendants' ability to pay a judgment, and engage in extensive further arm's-length negotiations. Those negotiations resulted in the Settlement Agreement.

---

[1] The Plaintiffs believe resolving the matter under the WVWPCA benefits all class members and treats hourly and salaried employees equally.

## SUMMARY OF PROPOSED CLASS SETTLEMENT

The terms of the proposed settlement ("Settlement") are set forth in their entirety in the Settlement Agreement.  The important terms and features are summarized below:

The settlement class is defined as any person who had a payroll check returned for insufficient funds by the Defendants from January 1, 2017 to December 31, 2018.  Legacy Land Management, Inc. has closed, there is no insurance, and very limited assets of Legacy, there are limited funds available to satisfy any judgment.

The Settlement provides for the creation of $180,000.00 Settlement Fund.

The Plaintiffs' Counsel will administer the notice and claims process.  They will distribute the entirety of the Settlement Fund, after payment of court-approved attorneys' fees and costs, incentive payments to Class Representatives and the cost and expenses of the claims administer.

Plaintiffs' counsel proposes a fee of $75,500.00 to cover fees and costs incurred to date and the anticipated fees and costs for distributing the monies.

Each injured party will receive at least $1,500.00 each and the class representatives $5,000.00.

## ARGUMENT

## I. THE COURT SHOULD PRELIMINIARLY APPROVE THE SETTLEMENT

### A.  Legal Standard

Approval of a class settlement is a two-step process.  Under Rule 23, the Court first makes an initial determination of *prima facie* fairness at a preliminary approval hearing and authorizes the parties to provide notice of settlement to class members. *See Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 855 F. Supp. 825, 827 (E.D.N.C. 1994).  Then, after notice

to the class, the Court conducts a final fairness hearing.  *See id.* This Motion concerns only the first step.

"Preliminary approval of a class action settlement 'is *at most* a determination that there is what might be termed "probable cause" to submit the proposal to call members and hold a full-scale hearing as to its fairness.'" In re *Out Banks Power Outage Litig.*, 2018WL 2050141. at *3 (E.D.N.C. 2018) (emphasis added) (citation omitted).  The Court will grant preliminary approval of the settlement where; (1) the proposed settlement is *within range of what might ultimately be found* fair, reasonable, and adequate, and thus warrants notice and scheduling of a hearing to consider final settlement approval; and (2) the proposed notice and notice plan will provide the notice required by Rule 23 and the Due Process Clause.  *See, e.g., Horton, 855* F. Supp. at 827; *Manual for Complex Litigation* (Fourth ed. 2004) §§ 21.632, 21.633.   The Court should preliminarily approve the Settlement because the parties here satisfy this standard.

**B.    The Proposed Settlement Is Within the Range of What Might Ultimately Be Found Fair and Adequate**

The Fourth Circuit "applies a two-part test to determine whether a proposed settlement conforms to the requirement of" Rule 23(e) "by considering (1) fairness, which focuses on whether the proposed settlement was negotiated at arm's length; and (2) adequacy, which focuses on whether the consideration provided to the class members is sufficient." *McLaurin v. Prestage Foods, Inc.,* 2011 WL 13146422, at *3 (E.D.N.C. 2011) (citing In re *Jiffy Lube Sec. Litig.,* 927 F.2d 155, 158-59 (4th Cir. 1991); US *Airline Pilots Ass'n v. Velez,* 2016 WL 4698540, *3 (W.D.N.C. 2016), *appealed dismissed,* 2016 WL 9724881 (4th Cir. 2016) (same).

**1.    The Proposed Settlement**

In analyzing whether a settlement is fair, the Fourth Circuit considers; (1) the posture of the case at the time of the settlement; (2) the extent of discovery that has been conducted; (3) the

circumstances surrounding the negotiations; and (4) the experience of counsel. *See In re Jiffy Lube,* 927 F.2d at 158-59; *McLaurin,* 2011 WL 13146422, at *3.

First, with respect to the posture of the case, courts consider when the settlement occurred on the litigation timeline and are suspicious of the parties' motives if the settlement occurs very early in the process. That concern is significantly reduced (if not eliminated) when, as here, the settlement occurs after significant litigation and written discovery assisting the parties in developing their negotiation positions. *See In re Jiffy Lube,* 927 F.2d at 158-59.

Second, with respect to discovery, in this case, prior to the settlement, the Parties conducted exhaustive discovery.

Third, with respect to the circumstances surrounding the negotiations the parties reached a settlement on the eve of trial.

Fourth, with respect to the experience of counsel, the undersigned counsel for Settling Plaintiffs, have extensive years of experience.

### 2. The Proposed Settlement Is Adequate.

Adequacy is determine by weighing the terms of settlement in light of the following factors: (1) the relative strength of the plaintiffs case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement. *In re Jiffy Lube,* 927 F.2d at 159; *see also Horton,* 855 F. Supp. at 828.

Here, given the applicable Rule 23(b)(1)(B) limited fund class certification, the predominate issue is the fourth factor, the solvency of the defendants and the likelihood of

recovery on a litigated judgement. Any recovery over and above the Settlement fund of $180,000.00 is wholly unrealistic given Legacy is closing and the dire financial situation of the Defendants.

In sum, the above factors, particularly the Defendants' limited financial resources, weighs heavily in favor of a finding that the proposed compromise is adequate. The benefits of the Settlement exceed the cost of continued and protracted litigation, the Settlement avoids the potential risks and expenses of a trial, and the Settlement assures a fair distribution of the available finds. The terms of the Settlement are fair, and the compensation afforded under the Settlement Agreement correlates adequately with the damages and losses claimed by Plaintiffs.

### C. The Proposed Notice is Reasonable.

The Notice and notice plan contained in the Settlement Agreement satisfy Rule 23(e) and due process. Under Rule 23(e), the "court must direct notice in a reasonable manner to all class members who would be bound by [a proposed settlement]." Fed R. Civ. P. 23(e)(1). Due process requires that notice to class members be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950); *see also In re Serzone Prods. Liab. Litig.,* 231 F.R.D. 221, 231, 236 (S.D.W. Va. 2005) (due process satisfied where notice reached approximately 80% of class); *In re Mid-Atl. Toyota Antitrust Litig.,* 585 F. Supp. 1553, 1561 (D. Md. 1984) (due process satisfied where notice was given by "first class mailing followed by notice by publication" since the "identify of" class member was "available from defendants' records").

The Notice of Proposed Class Action Settlement and Fairness hearing (hereinafter "Long Form Notice") is attached to the Settlement Agreement as Exhibit A. Though it condenses the

terms of the proposed Settlement, it covers all relevant topics:  the history of the litigation; the substantive terms of the proposed Settlement; the class definition; the effect of the proposed Settlement and release of claims; and the method to challenge the Settlement.  The Notice is written in plain, easy-to-understand English.  It fully satisfies Rule 23(e)(1)'s requirements that notice be "reasonable".

The Defendants have provided Plaintiffs' counsel with a list of all affected former employees and their last known address.  Plaintiff counsel will send each potential class member a notice.

The notice and notice plan described above:  (1) constitute reasonable notice; (2) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this litigation and of their right to object to the proposed Settlement; (3) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meet all applicable requirements of due process and applicable law.

**D.      The Class Representatives and Counsel Have Participated Actively in This Litigation**

The Plaintiffs seek to be appointed representatives for the proposed Settlement Class ("Representative Plaintiffs").  They have participated actively in this litigation, responding to written discovery, and participating in the first day of mediation.

## II. THE COURT SHOULD PRELIMINARILY CERTIFY THE SETTLEMENT CLASS

### A.  Legal Standard

At this stage of the proceeding, the Court "*preliminarily* considers whether the proposed settlement classes meet the requirements of" Rule 23(a) and (b) of the Federal Rules of Civil Procedure.  *In re Outer Banks,* 2018 WL 2050141, at *3 (emphasis added); see also *Smith v.*

*Prof'l Billing & Mgmt. Servs. Inc., 2007 WL 4191749,* at *2-3 (D.N.J. 2007) ("preliminarily" approving class certification during preliminary approval of class settlement stage).

This means that the Court need not decide if the requirements of Rule 23 are met, but rather need only make a "tentative assumption" that certification of a settlement class is appropriate. *In re Beef Indus. Antitrust Litig.,* 607 F.2d 167, 177 (5th Cir. 1979) (quoting 3 H. Newberg, Newberg on Class Actions §5570c at 476 (1977) (a "temporary settlement class [is] nothing more than a tentative assumption indulged in by the court to facilitate the amicable resolution of the litigation, rather than as some sort of conditional class ruling under Rule 23 criterion").

As demonstrated below, the Court should make the preliminary determination that the Settling Plaintiffs have satisfied Rule 23'criteria.

### B. The Proposed Class Meets the Requirements Under Rule 23(a)

Rule 23(a) contains four prerequisites to certification of a class: numerosity, commonality, typicality, and adequacy of representation.

**Numerosity.** To meet the numerosity requirement, there must be a large enough group of plaintiffs to make joinder of all class members impracticable. *Cent. Wesleyan Coll. v. W.R Grace & Co,* 6 F.3d 177, 183 94th Cir. 1993) (class of 480 members "would easily satisfy numerosity requirements"); *see also In re Outer Banks,* 2018 WL 2050141, at *4 (class consisting of between 1,775 and 2,800 properties and businesses satisfied numerosity requirements). Here, the Class consists of approximately 63 persons.

**Commonality and Typicality.** "[T]he requirements for typicality and commonality often merge" *In re Outer Banks,* 2018 WL2050141, at *4 (citation omitted); *Rehbert v. Flowers Baking Co. of Jamestown, LLC,* 2015 WL 1346125, at *9 (W.D.N.C. 2015). The question of

commonality asks whether the class members' claim "depend upon a common contention," such that "determination of its truth or falsity will resolve an issue that is central to the validity of one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). A common question is one "that can be resolved for each class member in a single hearing." *Thorn v. Jefferson_Pilot Life Ins. Co.* 445 F.3d 311, 319 (4th Cir. 2006). There must be "at least one common question of law or fact…among class members." *Speaks v. U.S. Tobacco Coop., Inc.,* 324 F.R.D. 112, 136 (E.D.N.C. 2018). Similarly, typicality requires that claims of the Class Representatives to "arise[] from the same course of conduct that gives rise to the claims of the class member" and be "based on the same legal theories." *Cent. Wesleyan Coll. v. W.R. Grace & Co.,* 143 F. R.D. 628, 637 (D.S.C. 1992)

Here, the Settling Plaintiffs satisfy the commonality and typicality requirements. All claims relate to payroll checks returned for insufficient funds. Moreover, Settling Plaintiffs allege that their injuries result from these same facts.

**Adequacy.** Rule 23(a)(4) requires that class representatives are capable of fairly and adequately representing the interests of the class. This requires Settling Plaintiffs to show that: (1) class representatives have no actual or potential conflicts of interest with the putative class and "possess the same interest and suffer the same injury as the class members"; and (2) "plaintiffs' counsel [is] 'qualified, experienced and generally able to conduct the proposed litigation.'" *Rehberg,* 2015 WL 1346125 at \*11 (citations omitted); *In re Outer Banks,* 2018 WL 2050141, at \*4. Here, Settling Plaintiffs satisfy both requirements.

*First,* there is no actual or potential conflict of interest between Settling Plaintiffs and putative class members. As noted above, they allege that they suffered the same injury.

*Second,* the requirement of adequacy is satisfied, Settling Plaintiffs' Counsel are experienced and generally able to conduct the proposed litigation.  Combined, Class Counsel has extensive experience in consumer protection and complex litigation, including particular expertise in class action.  Class Counsel has zealously and ably represented the interest of the Plaintiffs and the individuals they wish to represent, and if this Settlement is approved, will zealously and ably represent the interests of the Settlement Class.

### C.       The Settlement Class Satisfies the Requirements of Rule 239b)(1)(B).

The Settlement is a Rule 23(b)(1)(B) limited fund settlement.  Limited fund settlements permit certification of a mandatory class when "prosecuting separate actions by or against individual class members of the class would create a risk of…adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)

The Supreme Court has interpreted this Rule to authorize the certification of such a mandatory class when there are limited funds available to satisfy all claims against a defendant and individual actions would deplete the fund and deprive class members of recovery they would otherwise achieve through settlement.  *See Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 842 (1999); *see also Berthelot v. Am. Postal Workers Union, Local 185,* 2010 WL 4639050 at *6 (S.D. Tex. 2010) ("Rule 23(b)(1)(B)) focuses on whether individual actions would prejudice other class members…, e.g. where individuals seek compensation from a single, common fund insufficient to settle all claims"); *Scott v. Capital Fin. Servs., Inc.,* 277 F.R.D. 316, 326 (N.D. Tex. 2011) ("The basic concept of a 'limited fund' settlement is that there is a definite, limited amount of capital that is available to class members, and that such a find is insufficient to cover all

claims."). Accordingly, under rule 23(b)(1)(B), the individual class members cannot opt out of the class because to do so would jeopardize the fair and equitable distribution of the limited fund.

The Supreme Court has identified three "presumptively necessary" characteristics to ensure that the mandatory Rule 23(b)(1)(B) settlement class device is limited to appropriate circumstances.

> (1) "[T]he totals of the aggregated liquidated claims and the fund available for satisfying them, set definitely at their maximums, demonstrate the inadequacy of the fund to pay all the claims"
>
> (2) "[T]he whole of the inadequate fund [is] to be devoted to the overwhelming claims"
>
> (3) "[T]he claimants identified by a common theory of recovery [are] treated equitably among themselves.

*Ortiz,* 527 U.S. at 838-39, 842; *see also In re Black Farmers Discrimination Litig.,* 856 F. Supp. 2d 1, 16-17 (D.D.C. 2011) (certifying limited fund class), *as amended* (2011); *In re Silicone Gel Breast Implant Prods. Liab. Litig.,* 2010 WL 11506713 at *25-26, 49 (N.D. Ala. 2010) (noting judge "properly certified" limited fund class).

In this matter, each class member, either hourly or salaried, will each receive the same payment.

For the above reasons, preliminary certification of the Settlement Class pursuant to Rule 23(b)(1)(B) is fair, reasonable, and appropriate, and the Settlement satisfied the *Ortiz* requirements.

## CONCLUSION

Wherefore, the Settling Parties respectfully request that the Court:

- Preliminarily certify the Settlement Class as a Rule 23(b)(1)(B) class and preliminarily approve the class action settlement.

- Direct that the notice plan contained in the Settlement Agreement be effectuated.

Respectfully Submitted,

**For the Plaintiffs**

/s/ Greg A. Hewitt
Greg A. Hewitt (WVSB 7457)
Anthony M. Salvatore (WVSB 7915)
HEWITT & SALVATORE, PLLC
204 North Court Street
Fayetteville, WV  25840
Phone:   304-574-0272
Fax:       304-574-0273
ghewitt@hewittsalvatore.com
asalvatore@hewittsalvatore.com

Anthony J. Majestro (WVSB 5165)
J.C. Powell (WVSB 2957)
POWELL &  MAJESTRO PLLC
405 Capitol Street, Suite P1200
Charleston, WV  25301
Phone:  304-346-2889
Fax:       304-346-2895
amajestro@powellmajestro.com
jcpowell@powellmajestro.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

**JAMES T. BRADLEY and GARRETT LAMBERT,**
**in their own right and on behalf of others**
**similarly situated,**

   **Plaintiffs,**

**v.**           **Civil Action No. 2:18-cv-00007**
             **Judge John T. Copenhaver, Jr.**

**LEGACY LAND MANAGEMENT, INC.,**
**KENNETH LAMBERT, and SHERRI**
**LAMBERT, individually,**

   **Defendants.**

### CERTIFICATE OF SERVICE

   I, Greg A. Hewitt, counsel for Plaintiffs, do hereby certify that the foregoing Certificate

of Service for **Memorandum in Support of Joint Motion for Preliminary Approval of Class**

**Action Settlement and for Preliminary Certification of Settlement Class** has been filed with

the Court on this 15th day of August, 2019, using the CM/ECF system.


        /s/ Greg A. Hewitt
        Greg A. Hewitt (WVSB 7457)
        *Counsel for Plaintiffs*