IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**JAMES T. BRADLEY and GARRETT LAMBERT,**
in their own right and on behalf of others
similarly situated,

    **Plaintiffs,**

v.                                                    Civil Action No. 2:18-cv-00007
                                                       Judge John T. Copenhaver, Jr.

**LEGACY LAND MANAGEMENT, INC.,
KENNETH LAMBERT, and SHERRI
LAMBERT, individually,**

    **Defendants.**

**ORDER PRELIMINARILY APPROVING SETTLEMENT, GRANTING CONDITIONAL
CLASS CERTIFICATION FOR SETTLEMENT PURPOSES,
APPOINTING CLASS REPRESENTATIVE, AND ENTERING SCHEDULING ORDER**

Plaintiffs filed an unopposed motion for preliminary approval of settlement, conditional class certification for settlement purposes, appointment of class representative, and entry of a scheduling order. For the reasons stated in the Plaintiffs' Motion and Integrated memorandum in Support thereof, the Motion is **GRANTED.** Accordingly, the Court hereby **FINDS, ORDERS, ADJUDGES, AND DECREES** as follows:

    1.    <u>Jurisdiction.</u>  The Court has jurisdiction over the subject matter of the proposed class action against the Defendants captioned James T. Bradley and Garrett Lambert, in their own right and on behalf of others similarly situated v. Legacy Land Management, Inc., Kenneth Lambert, and Sherri Lambert, individually, and over all parties to the Lawsuit, including all class members.

    2.    <u>Settlement Class.</u>  This Lawsuit was filed on January 3, 2018. The parties engaged in written discovery and scheduled depositions. The Defendants voluntarily provided all

of the critical data required for Plaintiff's counsel to evaluate the merits and the value of the case. The parties then engaged in arm's-length negotiations and were able to reach a resolution of the matter.

Following an agreement on the terms of the settlement, the Plaintiffs filed an unopposed motion for preliminary approval of the settlement agreement, the granting of conditional limited class certification, the appointment of James T. Bradley and Garrett Lambert as the class representatives, and entry of a scheduling order for final approval.

The Court finds that the requirements are met for the Settlement Class.

Accordingly, the Court **FINDS** that all of the requirements of the Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and that this action is hereby certified as a limited fund class action for settlement purposes on behalf of the following class of Plaintiffs:

> All persons formally employed by the Defendants in the State of West Virginia who had a payroll check returned for nonsufficient funds from December 1, 2017 to March 1, 2018.

3. <u>Class Representative.</u> The Court hereby designates Plaintiffs, James T. Bradley and Garrett Lambert, as settlement class representatives. The Court designates two settlement class representatives as one was an hourly employee, and the other was a salaried employee.

4. <u>Class Counsel.</u> Upon consideration of the factors set forth in the Federal Rules of Civil Procedure 23(g), the Court hereby appoints Greg A. Hewitt and Anthony M. Salvatore and the law firm of Hewitt & Salvatore, PLLC and Anthony Majestro and J.C. Powell of the law firm of Powell & Majestro, PLLC as settlement class counsel ("Class Counsel").

5. <u>Claims Administrator.</u> The Court approves the law firm of Hewitt & Salvatore, PLLC to serve as "claims administrator".

6. <u>Preliminary Approval of Settlement.</u>  The proposed Settlement Agreement entered into by the parties establishes the method of calculation of settlement payments to be made to Class Members and allows Class Members to opt out or object.

In accordance with the terms of the Settlement Agreement, Defendants will pay a Gross Settlement Amount, as defined in the Settlement Agreement, a total sum equal to $180,000.00 defined in the Settlement Agreement. The Gross Settlement Amount shall be used to make settlement payments, to pay Class Counsels' attorneys' fees and costs, and to pay a Service Award to the Class Representatives not to exceed $5,000.00 each.   In the event Class Members cannot be located or found, any unpaid amounts attributable to their interests shall be timely remitted to the West Virginia State Treasurer's Office.

Class counsel and counsel for Defendants are experienced in complex litigation including class action litigation.  The Settlement Agreement was reached after arm's length negotiations between counsel.

The amount of the settlement $180,000.00, is fair, reasonable, and adequate.  If the settlement had not been reached, both parties faced the expense, risk, and uncertainty of extended litigation.

Therefore, upon consideration of the terms of the proposed Settlement Agreement, the Court **PRELIMINARILY FINDS** the Settlement Agreement to be sufficiently fair reasonable, and adequate to warrant providing Notice to Class Members and proceeding with a final approval hearing.  In making this determination, the Court has considered the current posture of this litigation, the risks and benefits to the parties involved in both settlement of these claims and the likelihood of recovery should the matter proceed to trial.

Accordingly, the Court **GRANTS PRELIMINARY APPROVAL** of the Settlement Agreement, its terms will be submitted to the Class Members for their consideration and for a hearing pursuant to Federal Rules of Civil Procedure 23(e).

7. <u>Notice to Class Members.</u> The Court has reviewed the proposed Notice to Class Members, attached as Exhibit 1 to the Settlement Agreement. The Notice, among other things, describes in plain English the terms and operation of the settlement, the considerations that caused Class Counsel to conclude that the settlement is fair and adequate, the procedure for objecting to or opting out of the settlement, and the date of the final approval hearing.

Accordingly, the Court hereby **FINDS** that the Notice fully complies with the requirements of the Federal Rules of Civil Procedure 23(c)(2)(b), and the Notice is thus **APPROVED**.

8. <u>Relevant Dates.</u>

    a. Class Notice will be mailed within fourteen (14) days after entry of the preliminary approval order.

    b. <u>Exclusion Requests.</u> Any Class Member who desires to be excluded from the Class Settlement must sign a written request to be excluded containing the information required by the Notice of Class Settlement. This exclusion ("opt out") request must be sent to the Claims Administrator by mail to the address provided in the Notice and postmarked no later than thirty (30) calendar days after the initial date of mailing of the Notice. If a Class Member receives the second mailing of the Notice (as noted on the envelope), the Class Member must post his or her opt-out request within ten (10) days from the date of the second mailing or by the original 30-day deadline from the initial mailing of the Notice, whichever is later. Requests for exclusion postmarked after these dates will not be honored.

c. <u>Objections.</u> Any Class Member who desires to object to any aspect of the Settlement Agreement must do so in writing, without the necessity of obtaining counsel or making any formal appearance. No later than thirty (30) days after the initial date of mailing of the Notice, all objections to any aspect of the Settlement must be mailed to the class administrator, Hewitt & Salvatore, PLLC. Any objections will then be filed with the Court as a group by the claims administrator. Objections will not be heard by the Court at the Final Approval Hearing.

d. <u>Notification of Exclusion Requests.</u> No later than seven (7) calendar days after the date of the op-outs and objections are due, the Claims Administrator shall notify the Court, Class Counsel, and counsel for Defendants of any persons who have opted out of the settlement, and shall serve the Court, Class Counsel, and Defendants' counsel with copies of all notices of opt-outs and supporting documentation.

e. <u>Release.</u> Class Members who do not request to be excluded from the Class Settlement will release the following claims, as specified in the Settlement Agreement:

> [E]ach Class Member who does not opt-out of the Settlement Class, shall fully release and forever discharge Defendants and Releasees from claims brought pursuant to the West Virginia Wage Payment and Collection Act, W. Va. Code §21-5-3, who had payroll checks returned for nonsufficient funds for the time period of December 1, 2017 to March 1, 2018.

f. <u>Final Approval Submissions.</u> All final approval documents shall be submitted seven (7) calendar days before the Final Approval Hearing.

g. <u>Final Approval Submissions.</u> A final approval hearing shall be held (no earlier than seven (7) calendar days after final approval submissions) on _____, 2019 at _____ a.m./p.m., before the Court to consider whether the settlement should be given final approval.

h.  Claims.  Settlement payments shall be mailed to members of the Settlement Class by the Claims Administrator within thirty (30) days of the Court's final approval of the settlement or, if there is any objection to the settlement, within five (5) business days after expiration of the time to file appeals or the resolution of any appeals filed. If there is an objection to the settlement and the objection is later withdrawn, the Claims Administrator shall mail the settlement payments within ten (10) business days of receipt of notice that such objection has been withdrawn.

These dates may be amended upon written motion by either Party and for good cause shown.

The Court **FINDS** that the claims process outlined in the Settlement Agreement is appropriate under the circumstances.

9.  Class Counsel Fees and Expenses and Service Award.  The Court will separately consider a request for a reasonable fee award, plus costs, for Class Counsel and a Service Award to the named Plaintiffs.  Class Counsel will file a motion requesting the Court to award reasonable attorneys' fees in an amount not to exceed $75,500.00, inclusive of costs, and a payment of a service award to the named Plaintiffs not to exceed $5,000.00 each.

10.  Effect of Termination of Settlement.  In the event that the Class Settlement is not finalized or is terminated pursuant to the terms of the settlement, this Order shall be rendered null and void and shall be vacated *nunc pro tunc,* and the Lawsuit shall proceed as provided in the Settlement Agreement.

11.  No Party Admission of Liability.  This Order and all rulings and findings shall not be construed or used as an admission, concession, or declaration against the named Plaintiff, any Class Member, or Defendants (or any of their past or present subsidiaries, parent companies,

affiliates, divisions, corporation in common control, successors, assigns, officers, directors, shareholders, partners, insurers, employees, or other agents) of any fault, wrongdoing, breach, liability, lack of merit of the settled claims, or certification of any class.  Defendants deny that the facts of this case meet the requirements of class certification for any purpose other than settlement.

Entered this \_\_\_\_ day of _____, 2019

_____
**Judge John T. Copenhaver, Jr.**