IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JAMES T. BRADLEY and GARRETT LAMBERT,
in their own right and on behalf of others
similarly situated,

      Plaintiffs,

v.                                              Civil Action No. 2:18-cv-00007
                                                  Judge John T. Copenhaver, Jr.

LEGACY LAND MANAGEMENT, INC.,
KENNETH LAMBERT, and SHERRI
LAMBERT, individually,

      Defendants.

**ORDER APPROVING SETTLEMENT, GRANTING CLASS CERTIFICATION FOR SETTLEMENT PURPOSES, AWARDING ATTORNEY FEES AND COSTS AND A SERVICE AWARD TO THE NAMED CLASS REPRESENTATIVES**

      The Plaintiffs filed an unopposed Motion for Approval of Settlement, Class Certification for Settlement Purposes and a Service Award to the named Plaintiffs and a separate Motion for Award of Attorney Fees and Costs. For the reasons stated herein, the Motions are **GRANTED**. Accordingly, the Court hereby **FINDS, ORDERS, ADJUDGES, AND DECREES** as follows:

      1.      <u>Jurisdiction.</u>  The Court has jurisdiction over the subject matter of the proposed class action against the Defendants captioned James T. Bradley and Garrett Lambert, in their own right and on behalf of others similarly situated v. Legacy Land Management, Inc., Kenneth Lambert, and Sherri Lambert, individually, and over all parties to the Lawsuit, including all class members.

      2.      <u>Settlement Class.</u>  This Lawsuit was filed on January 3, 2018. The parties engaged in written discovery and scheduled depositions. The Defendants voluntarily provided all

of the critical data required for Plaintiff's counsel to evaluate the merits and the value of the case. The parties then engaged in arm's-length negotiations and were able to reach a resolution of the matter.

Following an agreement on the terms of the settlement, the Plaintiffs filed an unopposed motion for preliminary approval of the settlement agreement, the granting of conditional limited class certification, the appointment of James T. Bradley and Garrett Lambert as the class representatives, and entry of a scheduling order for final approval. That Motion was granted October 24, 2019.

The Court finds that the requirements are met for the Settlement Class.

Accordingly, the Court **FINDS** that all of the requirements of the Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and that this action is hereby certified as a limited fund class action for settlement purposes on behalf of the following class of Plaintiffs:

> All persons formally employed by the Defendants in the State of West Virginia who had a payroll check returned for nonsufficient funds from December 1, 2017 to March 1, 2018.

3. <u>Class Representative.</u> The class consists of 63 affected employees. The Court designated Plaintiffs, James T. Bradley and Garrett Lambert, as settlement class representatives. The Court designated two settlement class representatives as one was an hourly employee, and the other was a salaried employee so as to cover both classes of employees.

4. <u>Class Counsel.</u> The Court approved Greg A. Hewitt and Anthony M. Salvatore and the law firm of Hewitt & Salvatore, PLLC and Anthony Majestro and J.C. Powell of the law firm of Powell & Majestro, PLLC as settlement class counsel ("Class Counsel").

Class counsel and counsel for Defendants are experienced in complex litigation including class action litigation. The Settlement Agreement was reached after arm's length negotiations between counsel.

5. <u>Claims Administrator.</u> The Court approved the law firm of Hewitt & Salvatore, PLLC to serve as "claims administrator".

6. <u>Settlement Amount.</u> In accordance with the terms of the Settlement Agreement, Defendants have paid a Gross Settlement Amount, of $180,000.00. The Gross Settlement Amount shall be used to make settlement payments, to pay Class Counsels' attorneys' fees and costs, and to pay a Service Award to the Class Representatives. Each of the 63 Class Members shall receive $1,500.00. In the event Class Members cannot be located or found, any unpaid amounts attributable to their interests shall be timely remitted to the West Virginia State Treasurer's Office. At the time of entry of this Order, only one potential Class Member has not been located.

The amount of the settlement $180,000.00, is fair, reasonable, and adequate. If the settlement had not been reached, both parties faced the expense, risk, and uncertainty of extended litigation.

Therefore, upon consideration of the terms of the proposed Settlement Agreement, the Court **FINDS** the Settlement Agreement to be sufficiently fair and reasonable. In making this determination, the Court has considered the current posture of this litigation, the risks and benefits to the parties involved in both settlement of these claims and the likelihood of recovery should the matter proceed to trial.

Accordingly, the Court **GRANTS APPROVAL** of the Settlement Agreement.

7. <u>Report of Claim's Administrator.</u> The Court received a report of the Claim's Administrator on January 16, 2020 and finds no Class Member opted out. Further, the Court finds

that upon review of the Court file and the submission of the Claim's Administrator, that there have been no objections filed.

The Court finds that the Claim's Administrator complied with the Court's temporary Order dated October 24, 2019.

8. <u>Release.</u> Each Class Member will release the following claims:

> [E]ach Class Member who does not opt-out of the Settlement Class, shall fully release and forever discharge Defendants and Releasees from claims brought pursuant to the West Virginia Wage Payment and Collection Act, W. Va. Code §21-5-3, who had payroll checks returned for nonsufficient funds for the time period of December 1, 2017 to March 1, 2018.

9. <u>Claims.</u> Settlement payments shall be mailed to members of the Settlement Class by the Claims Administrator within thirty (30) days of the Court's final approval of the settlement. Each Class Member will receive the sum of $1,500.00.

The Court **FINDS** that the claims process outlined in the Settlement Agreement is appropriate under the circumstances.

10. <u>Class Counsel Fees and Expenses and Service Award.</u> The Court has received the request for attorney fees, costs and a service award for both Class Representatives. The Court **GRANTS** the request for attorney fees and costs not to exceed $75,500.00, inclusive of costs, plus payment of a service award to each named Plaintiff in the amount of $5,000.00. The Court has received a packet of eleven time sheets from Class Counsel justifying the requested fee herein, which packet is hereby **ORDERED** filed.

The Court, upon reviewing the submitted time sheets finds that the Plaintiffs' counsel spent a significant amount of time in prosecuting the claims and administering the distribution to the class members. The total amount of time spent by the Plaintiffs' counsel in this small class action, all on a contingent fee basis, combined with the result merits the requested attorney fees and costs.

In granting this Motion, the Court **FINDS** as follows:

    a.    This matter was extensively litigated.

    b.    Class counsel also served as Claim's Administrator to control costs and increase the award to each class member.

    c.    This claim was filed under the WVWPCA W.Va. Code § 21-5-1 et. seq., which allows for the recovery of fees and costs.

    d.    Claim Counsel incurred costs in the amount of $4,221.99 and spent considerable time litigating this matter.

    e.    The award of fees and costs is fair and reasonable.

    f.    There have been no objections to the requested attorney fees and costs.

11.    <u>Final Report.</u>  The Claim's Administrator shall provide a final report to this Court within forty (40) days after the entry of this Order confirming that all disbursements have been made.

Further, it appears that all but one (1) of the sixty-three (63) perspective class members have been located. If the remaining class member is not located prior to the final report, those monies shall be deposited into the West Virginia State Treasurer's Office in the name of the individual.

12.    <u>No Party Admission of Liability.</u>  This Order and all rulings and findings shall not be construed or used as an admission, concession, or declaration against the named Plaintiff, any Class Member, or Defendants (or any of their past or present subsidiaries, parent companies, affiliates, divisions, corporation in common control, successors, assigns, officers, directors, shareholders, partners, insurers, employees, or other agents) of any fault, wrongdoing, breach,

liability, lack of merit of the settled claims, or certification of any class. Defendants deny that the facts of this case meet the requirements of class certification for any purpose other than settlement.

Entered this 12th day of February, 2020

                                       Judge John T. Copenhaver, Jr.